UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

JOHNY R. VELASQUEZ
and other similarly situated individuals,

    Plaintiff(s),

v.

KARMAS FAR INC

    Defendant,

_____/

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(b))**

COMES NOW the Plaintiff JOHNY R. VELASQUEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant KARMAS FAR INC, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JOHNY R. VELASQUEZ is a covered employee for purposes of the Act. The Plaintiff is a resident of Duval County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant KARMAS FAR INC (hereinafter KARMAS FAR, or Defendant) is a Florida corporation, having a place of business in Jacksonville, Duval County, Florida, where the Plaintiff worked. The Defendant was engaged in interstate commerce.

4. All the actions raised in this complaint took place in Duval County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff JOHNY R. VELASQUEZ as a collective action to recover from the Defendant overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2020, (the "material time") without being properly compensated.

6. Defendant KARMAS FAR is an importer/exporter and distributor of home furnishings that sells its merchandise online and throughout the United States of America. Defendant has a warehouse/distribution center located at 2615 Port Industrial Drive, Building 4, Unit 408, Jacksonville, Florida, where the Plaintiff worked.

7. Defendant KARMAS FAR employed Plaintiff JOHNY R. VELASQUEZ approximately from January 02, 2020, to October 28, 2020, or 43 weeks.

8. The Plaintiff was employed as a non-exempted full-time, hourly, warehouse employee, and he had general warehousing duties. The Plaintiff was paid at the rate of $14.50 an hour. The Plaintiff's overtime rate should be $21.75 an hour.

9. During his time of employment with Defendant, Plaintiff had a regular schedule, Plaintiff worked 5 days per week, from Mondays to Fridays, from 8:00 AM to 6:00 PM (10 hours).

10. During his first 8 weeks of employment, Plaintiff took 1 hour of lunchtime, thus, Plaintiff worked 8 weeks of 45 hours weekly. During the remaining 35 weeks of employment, Plaintiff was unable to take a bonafide lunch break.  However, Defendant deducted automatically 1 hour of lunch break daily, resulting in a deduction of 5 hours per week. This deduction constitutes 5 unpaid O/T hours per week, that were not paid at any rate, not even the minimum wage rate.

11. Plaintiff always worked more than 40 hours a week, and most of the time, Plaintiff was paid for all his hours at his regular rate. But he was not paid for overtime hours.

12. Consequently, Plaintiff is owed 5 hours of half-time overtime for 8 weeks; and for the remaining 35 weeks, he is owed 5 half-time overtime hours; and he is owed 5 overtime hours (lunch deductions) at the rate of time and one-half his regular rate.

13. Plaintiff clocked in and out and the Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. The Plaintiff was paid bi-weekly by direct deposits and he was provided with paystubs that did not show the number of overtime hours worked.

16. Plaintiff did not agree with the number of overtime hours paid to him, and on or about September 22, 2020, Plaintiff complained about the lack of payment for overtime hours and the automatic deduction of 1 hour of lunch that he did not take. Plaintiff complained

to his Supervisor Ricardo Vargas and requested him to be paid for overtime hours. Plaintiff was paid for his overtime hours on the next payment date.

17. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime hours based on his recollections. After discovery, Plaintiff will adjust his statement of claim accordingly.

18. Plaintiff JOHNY R. VELASQUEZ seeks to recover overtime wages for every hour over 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

20. Plaintiff JOHNY R. VELASQUEZ re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff JOHNY R. VELASQUEZ as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January

2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. The Defendant KARMAS FAR was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is an importer and distributor of home furnishings and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering merchandise produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was proportionally more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

24. Defendant KARMAS FAR employed Plaintiff JOHNY R. VELASQUEZ approximately from January 02, 2020, to October 28, 2020, or 43 weeks.

25. The Plaintiff was employed as a non-exempted full-time, hourly, warehouse employee, and he had general warehousing duties. The Plaintiff was paid at the rate of $14.50 an hour. The Plaintiff's overtime rate should be $21.75 an hour.

26. During his time of employment with Defendant, Plaintiff had a regular schedule, Plaintiff worked 5 days per week, from Mondays to Fridays, from 8:00 AM to 6:00 PM (10 hours daily).

27. During his first 8 weeks of employment, Plaintiff took 1 hour of lunchtime, thus, Plaintiff worked 8 weeks of 45 hours weekly. During the remaining 35 weeks of employment, Plaintiff was unable to take a bonafide lunch break. However, Defendant automatically deducted 1 hour of lunch break daily. This deduction constitutes 5 unpaid O/T hours per week, that were not paid at any rate, not even the minimum wage rate.

28. Consequently, Plaintiff is owed 5 hours of half-time overtime for 8 weeks; and for the remaining 35 weeks, he is owed 5 half-time overtime hours, and he is owed 5 overtime hours (lunch deductions) at the rate of time and one-half his regular rate.

29. Plaintiff always worked more than 40 hours a week, but he was not paid for overtime hours properly.

30. Plaintiff clocked in and out and Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

31. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. The Plaintiff was paid bi-weekly by direct deposit with paystubs that did not show the real number of overtime hours worked.

33. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, the

Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

34. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on preliminary calculations. Plaintiff has not deducted some O/T paid during the last weeks for simplification purposes. Thus, these figures are subjected to modifications after discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Five Thousand Three Hundred Sixty-Five Dollars and 00/100 ($5,365.00)

   b. <u>Calculation of such wages</u>:

   Relevant weeks of employment:  43 weeks
   Total number of relevant weeks: 43 weeks
   Regular rate: $14.50 an hour x 1.5=$21.75
   O/T rate: 21.75 an hour
   Half-time rate: $7.25

   **1.- Half-time overtime for 8 weeks/45 hours weekly**

   Total hours worked:  45 hours weekly
   Total overtime hours: 5 hours paid at the regular rate
   Regular rate: $14.50 an hour x 1.5=$21.75- $14.50 rate paid=$7.25 difference
   Half-time: $7.25

   Half-time rate $7.25 x 5 O/T hours= $36.25 weekly x 8 weeks=$290.00

   **2.- Overtime at time and one-half for 35 weeks/50 hours weekly**

   Total hours worked:  50 hours weekly

a) Half-time for 35 weeks/45 hours
Half-time rate $7.25 x 5 O/T hours= $36.25 weekly x 35 weeks=$1,268.75

b) O/T for 5 O/T hours for 35 weeks paid at $0.00 (lunch hours)
O/T rate $21.75 x 5 hours=$108.75 weekly x 35 weeks=$3,806.25

Total #1 and #2: $5,365.00

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid overtime wages.

37. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. Defendant KARMAS FAR willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

40. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOHNY R. VELASQUEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JOHNY R. VELASQUEZ and other similarly situated individuals and against the Defendant KARMAS FAR based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JOHNY R. VELASQUEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOHNY R. VELASQUEZ demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)
## RETALIATORY DISCHARGE

41. Plaintiff JOHNY R. VELASQUEZ re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

42. The employer KARMAS FAR was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r), and 203(s)(1)(A). The Defendant is an importer

and distributor of home furnishings. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

43. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

44. Defendant KARMAS FAR was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

45. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

46. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

47. Defendant KARMAS FAR employed Plaintiff JOHNY R. VELASQUEZ approximately from January 02, 2020, to October 28, 2020, or 43 weeks.

48. The Plaintiff was employed as a non-exempted full-time, hourly, warehouse employee, and he had general warehousing duties. The Plaintiff was paid at the rate of $14.50 an hour. The Plaintiff's overtime rate should be $21.75 an hour.

49. During his time of employment with Defendant,

50. Plaintiff worked for 8 weeks an average of 45 hours weekly, and he worked for 35 weeks an average of 50 hours weekly, but he was not paid for overtime hours.

51. Consequently, Plaintiff is owed 5 hours of half-time overtime for 8 weeks; and for the remaining 35 weeks he is owed 5 half-time overtime hours, and he is owed 5 overtime hours (lunch deductions) at the rate of time and one-half his regular rate.

52. The Plaintiff always worked more than 40 hours a week, but he was not paid for overtime hours properly.

53. Plaintiff clocked in and out and the Defendant was able to track the hours worked by the Plaintiff and other similarly situated individuals.

54. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

55. The Plaintiff was paid bi-weekly by direct deposit with paystubs that did not show the real number of overtime hours worked.

56. The Plaintiff did not agree with the number of overtime hours paid to him, and on or about September 22, 2020, Plaintiff complained about the lack of payment for overtime hours and the automatic deduction of 1 hour of lunch that he did not take. Plaintiff complained to his Supervisor Ricardo Vargas and requested him to be paid for overtime hours.

57. This complaint constituted protected activity under the Fair Labor Standards Act.

58. Plaintiff was paid overtime hours on the next payment date.

59. However, Supervisor Ricardo Vargas terminated Plaintiff's employment with Defendant alleging pretextual reasons.

60. At all times during his employment with Defendant, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

61. There is a proximity between the Plaintiff's protected activity and the date of his termination.

62. Defendant KARMAS FAR willfully and intentionally refused to pay Plaintiff overtime wages as required by the FLSA, and then retaliated against Plaintiff by firing him.

63. The motivating factor which caused the Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendant. In other words, the Plaintiff would not have been discharged but for his complaint about overtime wages.

64. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

65. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOHNY R. VELASQUEZ respectfully requests that this Honorable Court:

A. Enter judgment against the Defendant KARMAS FAR that Plaintiff JOHNY R. VELASQUEZ recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

C. Order the Defendant to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D. Plaintiff JOHNY R. VELASQUEZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JOHNY R. VELASQUEZ demands trial by a jury of all issues triable as of right by a jury

Dated: November 2, 2020,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*