UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNY R. VELASQUEZ,
and other similarly situated
individuals,

      Plaintiff,

v.                                        CASE NO. 3:20-cv-1244-J-39JBT

KARMAS FAR INC,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice ("Motion") (Doc. 10). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. For the reasons set forth herein, the Motion is due to be **DENIED without prejudice**.

The Motion seeks approval of the parties' Settlement Agreement and Mutual Release of Claims ("Agreement") (Doc. 10-1). However, the Agreement, which was filed on the public docket, contains a confidentiality provision. (*See id.* at 4.) "[C]ourts routinely decline to approve settlement agreements in FLSA actions that contain provisions that serve to prevent the spread of information about FLSA actions to other workers . . . who [could] then use that information to vindicate their own statutory rights." *Zapata v. Bedoya*, Case No. 14-CV-4114 (SIL), 2016 WL

4991594, at *2 (E.D.N.Y. Sept. 13, 2016) (quotations omitted). Thus, such clauses are generally considered unreasonable and unenforceable in the context of an FLSA case. See *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010) ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."); *DeGraff v. SMA Behavioral Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1330 (M.D. Fla. 2013) ("Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit Plaintiff's rights under the First Amendment."); *Zapata*, 2016 WL 4991594, at *2 ("[B]oth the non-solicitation provision and non-disparagement provision contained in the Settlement Agreement are contrary to the policy concerns underlying the FLSA.").[1]  Therefore, the confidentiality provision (¶ 9) in the Agreement should be removed.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 10**) is **DENIED without prejudice**.

---

[1] Additionally, the filing of an FLSA settlement agreement on the public docket generally renders any confidentiality provision unenforceable. See *DeGraff*, 945 F. Supp. 2d at 1330 ("[T]he confidentiality provision [in the FLSA settlement agreement] is, at least in part, unenforceable due to the public filing of the agreement."). Moreover, for the reasons stated above, and in accordance with Local Rule 1.09(a), sealing of the Agreement is not an option.

2

2. **On or before February 12, 2021**, the parties shall file a new motion and a revised settlement agreement in accordance with this Order.[2]

**DONE AND ORDERED** in Jacksonville, Florida, on January 22, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[2] Alternatively, the parties may refile the Motion and Agreement in substantially the same form. However, the undersigned is not likely to recommend approval absent convincing reasons for inclusion of the subject provision.