UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNY R. VELASQUEZ,
and other similarly situated
individuals,

      Plaintiff,

v.                                                  CASE NO. 3:20-cv-1244-BJD-JBT

KARMAS FAR INC,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' renewed Joint Motion for Approval of Settlement ("Motion") (Doc. 25). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the Settlement Agreement and Mutual Release of

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

Claims ("Agreement") (Doc. 25-1) be **APPROVED**, and this action be **DISMISSED with prejudice**.[2]

### I. Background

Plaintiff filed the instant action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and bringing a claim for retaliatory discharge pursuant to 29 U.S.C. § 215. (Doc. 1.) According to the Complaint, Plaintiff was employed by Defendant as a non-exempt warehouse employee from January 2020 through October 2020. (*Id.* at 2.) Plaintiff alleged that he always worked in excess of 40 hours per week and Defendant failed to pay him one and one-half times his regular rate of pay for the overtime hours he worked, in violation of the FLSA. (*Id.* at 3.) Plaintiff also alleged that during the last 35 weeks of his employment, Defendant deducted 5 hours from his total hours each week for lunch breaks that he did not take. (*Id.*) Additionally, Plaintiff alleged that he was unlawfully terminated after complaining to Defendant about deducting time for lunch breaks that he did not take and its failure to pay overtime. (*Id.* at 9–12.) Plaintiff sought compensation for all actual damages, liquidated damages, back pay, and attorney's fees and costs. (*Id.* at 9, 12–13.)

---

[2] To expedite the resolution of the current Motion, the parties still have an opportunity to consent to the undersigned conducting the remaining proceedings in this action, including entry of judgment and any post-judgment matters. To do so, they must jointly execute and file the consent form attached to this report and recommendation (using a single form rather than separate forms). Of course, the parties remain free to withhold consent without adverse substantive consequences. *See* Fed. R. Civ. P. 73(a)(2).

The parties previously filed a Joint Motion for Order Approving Settlement and Dismissing Case with Prejudice (Doc. 10).  However, the Court denied that motion without prejudice because the settlement agreement contained a confidentiality provision.  (Doc. 11.)  The parties were directed to file a new motion and a revised settlement agreement in accordance with that Order.  (*Id.* at 3.)  Thereafter, the parties filed the Motion and the subject Agreement, which omits the confidentiality provision, and now request that the Court approve their settlement of Plaintiff's claims.  (*See* Doc. 25.)

**II.   Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . .  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights.  *Id.*

at 1352.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  In short, the settlement must represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Id.* at 1355.  In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3]

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his

---

[3] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

4

> attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

### III.    Analysis

The Agreement provides that Defendant will pay $5,000.00 to Plaintiff ($2,500.00 for unpaid wages and $2,500.00 for liquidated damages) and $5,000.00 to Plaintiff's counsel for attorney's fees and costs. (Doc. 25-1 at 2–3.) The parties represent that Plaintiff's attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. (Doc. 25 at 3–4, 6.)

The parties represent that the Agreement reflects a reasonable compromise of disputed issues, including whether Defendant unlawfully deducted Plaintiff's hours for lunch breaks that he did not take, whether Plaintiff was relieved from duty during the time for which he seeks unpaid overtime compensation, and the amount of unpaid overtime owed. (*Id.* at 1–2.) The Motion indicates that the compromise was reached after the parties gathered "sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims." (*Id.* at 5.) In light of the aforementioned disputes, Plaintiff appears

5

to be receiving a reasonable recovery.  Additionally, Plaintiff is represented by an attorney.  Thus, the undersigned recommends that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers."  307 F. App'x at 351.  Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to their counsel. *See King*, 2007 WL 737575, at *4.

As noted above, the parties represent that Plaintiff's attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff.  (Doc. 25 at 3, 4–6.)  Additionally, there is no reason to believe Plaintiff's recovery was adversely affected by the agreed-upon fees and costs.  Although Plaintiff's counsel did not submit time and cost records, the amount of $5,000.00 for fees and costs does not appear unreasonable on its face, and it appears that counsel is being adequately compensated for his work.[4]  Thus, both aspects of the

---

[4] Plaintiff's attorney represents that he expended over 12 hours on this case.  (Doc. 10 at 6.)

6

*Silva* attorney's fee inquiry are satisfied.[5]

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 25**) be **GRANTED**.

2. The Agreement (**Doc. 25-1**) be **APPROVED**.

3. This action be **DISMISSED with prejudice**.

4. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on May 27, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Attachments:

Form AO85 (Notice, Consent, and Reference of a Civil Action to a Magistrate Judge)

Copies to:

The Honorable Brian J. Davis
United States District Judge

Copies w/ Attachment to:

Counsel of Record

---

[5] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.